IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Main Street America Assurance Company, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | Case No. 2:21-cv-03977 (MAK) |
| | : | |
| Howard Lynch Plastering, Inc. | : | |
| and | : | |
| W.B. Homes, Inc., | : | |
| *Defendants*. | : | |

**MAIN STREET AMERICA ASSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT
OR ALTERNATIVELY FOR DEFAULT JUDGMENT**

Main Street America Assurance Company ("MSAAC") moves under Federal Rule of Civil Procedure 56 for summary judgment against Howard Lynch Plastering, Inc. ("Howard Lynch") and against W.B. Homes, Inc. ("W.B. Homes"). In the alternative, MSAAC moves under Federal Rule of Civil Procedure 55 for default judgment against Howard Lynch.

MSAAC has three bases for requesting summary judgment. First, the never-litigated claims against W.B. Homes for which W.B. Homes seeks reimbursement from MSAAC ("Claims")[*] and the claims that are or were in litigation for which W.B. Homes seeks reimbursement from MSAAC ("Legal Proceedings") raise only alleged stucco construction defects. Under well-established Pennsylvania law, construction defects and their foreseeable consequences are not "occurrences" as that term is used in the insurance policies MSAAC issued to Howard Lynch ("MSAAC

---

[*] Terms defined in this motion are more fully defined in the accompanying memorandum.

Policies"). *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888 (Pa. 2006).

Second, W.B. Homes breached the MSAAC Policies by failing to timely notify MSAAC of the Claims or the private arbitration brought by Rodwige and Camille Desnoyers against W.B. Homes in 2015 ("Desnoyers Arbitration"). Under the MSAAC Policies, the insured "must see to it that [MSAAC is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim" and, "[i]f a claim is made or 'suit' is brought against any insured, . . . must . . . [n]otify MSAAC as soon as practicable" with a "written notice." *E.g.*, Apx. 22. W.B. Homes's late notice—its delay of nearly a decade between learning of claims and notifying MSAAC—was objectively unreasonable. And W.B. Homes's late notice prejudiced MSAAC, because it deprived MSAAC of a reasonable opportunity to settle the claims, seek more cost-effective remediation, or otherwise protect its economic interest.

Third, W.B. Homes voluntarily paid out all the Claims and the Desnoyers Arbitration settlement without first notifying MSAAC, violating yet another provision of the MSAAC Policies. Under the MSAAC Policies, "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [MSAAC's] consent." *E.g.*, Apx. 22 § E.2.d. Incurring those expenses breached the plain terms of the MSAAC Policies.

Each of these three arguments establishes as a matter of law that MSAAC is not obligated to defend, indemnify, or reimburse Howard Lynch or W.B. Homes in connection with any of these claims.

In the alternative, MSAAC seeks default judgment against Howard Lynch. MSAAC is entitled to default judgment against Howard Lynch, because none of the Claims or the claims

raised in the Legal Proceedings arise from property damage caused by an occurrence. Howard Lynch has admitted every fact necessary for MSAAC to show that none of the Claims and none of the claims in the Legal Proceedings arise from property damage caused by an occurrence. Fed. R. Civ. P. 8(b)(6). "The homeowners' Claims and the claims alleged in the Legal Proceedings seek damages caused by the allegedly defective construction of the Homes." Compl. ¶ 5. As W.B. Homes explained when it first notified MSAAC of the Claims, they are for the "significant expense" related to "repair[ing] property damage as a result of operations performed on several private residences by Howard Lynch." Compl. ¶ 27. And the pleadings in the McGinnis Lawsuit and the Desnoyers Arbitration confirm that they are for defective stucco work. Apx. 210–409, 421–53.

MSAAC's full justification for these alternative motions are set out in the accompanying memorandum of law.

Dated: January 25, 2022

Respectfully submitted,

    /s/ Richard J. Orr
Richard J. Orr (Bar No. 66860)
Dilworth Paxson, LLP
2 Research Way
Princeton, New Jersey 08540
Telephone: 609-987-3993
Facsimile: 215-893-8537
rorr@dilworthlaw.com

Susan M. Hogan (*pro hac vice*)
Ezra S. Gollogly (*pro hac vice*)
Joseph Dudek (of counsel)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone: 410-752-6030
Facsimile: 410-539-1269
shogan@kg-law.com; egollogly@kg-law.com
*Attorneys for Main Street America Assurance Company*

## CERTIFICATE OF SERVICE

I certify that on January 25, 2022, the foregoing document, along with the attached memorandum of law, statement of undisputed facts, appendix of exhibits, and proposed order, is being served this day via email on all parties that have appeared via this Court's CM/ECF system and via regular mail to:

> **Howard Lynch Plastering, Inc.**
> c/o Doris Elizabeth Lynch
> 31 Eagles Watch North
> Bechtelsville, Pennsylvania  19505

                                          /s/ Richard J. Orr