IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAIN STREET AMERICA ASSURANCE COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-3977 |
| | : | |
| **HOWARD LYNCH PLASTERING, INC.,** *et al* | : | |

# ORDER

**AND NOW**, this 16th day of February 2022, upon reviewing Plaintiff's Memorandum (ECF Doc. No. 25) responsive to our February 14, 2022 Order (ECF Doc. No. 24) raising threshold jurisdictional issues of standing and ripeness for the Plaintiff's requested additional declaratory relief, it is **ORDERED**:

1. No later than **February 22, 2022**:

    a. Each party is granted leave to **show cause** in Memoranda not exceeding seven pages as to why we should not close this case consistent with our entry of summary judgment (ECF Doc. No. 24) as it appears Plaintiff's additional claims for declaratory judgment regarding its duty to indemnify Howard Lynch against W.B. Homes's indemnity demand in the Desnoyers Arbitration or Homeowner Claims is not ripe or Plaintiff lacks standing;[1] or,

    b. Plaintiff shall dismiss its claims for declaratory judgment regarding its duty to indemnify Howard Lynch against W.B. Homes's indemnity demand in the Desnoyers Arbitration or Homeowner Claims without prejudice; and,

2. The parties' pre-trial and trial obligations in paragraphs 14, 15, 16, and 17 of our December 7, 2021 Order (ECF Doc. No. 15) are **stayed** for good cause following our partial grant

of summary judgment (ECF Doc. No. 24) subject to our prompt rescheduling should trial become necessary.

_____
**KEARNEY, J.**

---

[1] We may only issue declaratory judgments regarding "actual controvers[ies]." *See* 28 U.S.C. § 2201(a). Parties seeking declaratory judgment must possess standing. *Microsoft Corp. v. SynKloud Techs., LLC*, 484 F. Supp. 3d 171, 177 (D. Del. 2020). And we may not decide unripe controversies. *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 646 (3d Cir. 1990).

Main Street asks we determine whether it must indemnify Howard Lynch against W.B. Homes's "effort to collect from Howard Lynch the sums W.B. Homes paid" to settle the Desnoyers Arbitration and Homeowner Claims. ECF Doc. No. 25-1 at 1. We identify at least two threshold concerns regarding our ability to grant the requested relief.

First, Main Street may lack standing to request its sought relief. Howard Lynch would only need to indemnify W.B. Homes if the subcontractor agreement obligated Howard Lynch to do so. *See* ECF Doc. No. 19-15 at 15 (letter from W.B. Homes to Howard Lynch demanding indemnity under their subcontractor agreement). It is unclear how Main Street possesses standing to ask us to declare Howard Lynch's obligations under a contract between W.B. Homes and Howard Lynch to which Main Street is not a party. *See, e.g.*, *Liberty Mut. Fire Ins. Co. v. Harleysville Worcester Ins. Co.*, 524 F. Supp. 3d 462, 471 (E.D. Pa. 2021) ("[A]n outsider may not seek a determination of the legal obligations of third parties where it is not also seeking money damages.").

Second, even assuming Main Street possesses standing, it is unclear how Main Street's duty to indemnify Howard Lynch is ripe. Main Street cited no evidence the now defaulted and allegedly defunct Howard Lynch demanded indemnity from Main Street to cover W.B. Homes's indemnity demand under the subcontractor agreement. The absence of this evidence suggests no actual controversy exists between Main Street and Howard Lynch regarding whether Main Street must indemnify Howard Lynch against W.B. Homes's demand. We must confirm ripeness of this claim before proceeding.